IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00285-CNS-NRN

PAUL BERRYMAN, individually,
YI LU, individually;
KATELYN BERRYMAN, individually; and
PAUL BERRYMAN and YI LU, as next of friends and parents of minor child M.B,

    Plaintiffs,

v.

ROBIN NICETA, in her individual capacity,

    Defendant.

## ORDER

Before the Court is Defendant Robin Niceta's Motion to Dismiss (ECF No. 14). For the following reasons, Ms. Niceta's Motion to Dismiss is DENIED. Ms. Niceta's Motion to Stay Discovery Pursuant to Federal Rule of Civil Procedure 26(c) (ECF No. 31) is DENIED AS MOOT.

### I. BACKGROUND

Plaintiffs' allegations are easily summarized: Ms. Niceta made numerous false statements and "intentional non-disclosures," and falsely testified during an investigation into a father's alleged sexual assault of his children (*see, e.g.,* ECF No. 1 at 8, 11). This investigation culminated in the forced removal of Plaintiff Katelyn Berryman from the home of her parents, Plaintiffs Paul Berryman and Yi Lu (*id.*). Plaintiffs Berryman and Lu's other child was also taken into custody as a result of this investigation (*id.*). The children were ultimately returned to their parents "a year

1

and a half after their removal"—despite the absence of any evidence supporting their removal (*id.* at 16).

Plaintiffs filed this lawsuit in federal court in February 2023, bringing constitutional due process claims and a claim under 42 U.S.C. § 1983 against Ms. Niceta (*see generally* ECF No. 1). Ms. Niceta filed the instant dismissal motion in March 2023 (ECF No. 14). The dismissal motion is fully briefed (ECF No. 20; ECF No. 25).[1]

## II. LEGAL STANDARDS

Ms. Niceta moves to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction. Plaintiffs bear the burden of establishing subject matter jurisdiction because they are the parties asserting it. *See Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint" and taken as a whole. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and viewed in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g., Mayfield v. Bethards*, 826

---

[1] Plaintiffs contend that Ms. Niceta did not confer in compliance with this Court's Uniform Practice Standards (ECF No. 20 at 1). Ms. Niceta does not appear to seriously contest this assertion, focusing instead on the adequacy of the Complaint's allegations and possible amendments in arguing that she has met her conferral duties (ECF No. 25 at 1). Ms. Niceta is advised, moving forward, to fully comply with all requirements set forth in the Court's Uniform Practice Standards.

F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

Having considered the Motion to Dismiss, related briefing, and relevant legal authority, the Court denies Ms. Niceta's Motion. Urging dismissal, Ms. Niceta advances numerous arguments. All lack merit.[2]

### A. *Rooker–Feldman*

Ms. Niceta contends that Plaintiffs' claims are barred by the *Rooker–Feldman* doctrine because their claims are "inexplicably intertwined" with the underlying state court rulings (ECF No. 14 at 11). Plaintiffs argue that *Rooker–Feldman* does not bar their claims because they challenge Ms. Niceta's alleged "evidentiary falsification" and other improper conduct (ECF No. 20 at 3). The Court agrees with Plaintiffs.

The *Rooker–Feldman* doctrine prohibits federal district courts from exercising jurisdiction over lawsuits in which parties who have lost in a state court proceeding challenge the state court's judgment. *See Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007). Fundamentally, federal courts cannot exercise appellate jurisdiction over claims that a state court has decided, as well as

---

[2] Ms. Niceta invites the Court to take judicial notice of several documents, including the Verbal Removal Order (*see, e.g.,* ECF No. 15). Plaintiffs contend that taking judicial notice of these documents is inappropriate (ECF No. 20 at 2). Assuming that the Court may take judicial notice of these documents without converting Ms. Niceta's dismissal motion into one for summary judgment, nothing in the documents supports dismissal, given their failure to contradict the Complaint's well-pleaded allegations. *See Farrell-Cooper Min. Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1237 n.6 (10th Cir. 2013); *In re Flint Water Cases*, 960 F.3d 303, 329 (6th Cir. 2020) ("For a document to contradict the complaint, it must 'utterly discredit' the allegations." (citation omitted)).

3

claims that are "inextricably intertwined" with the prior state court judgment. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotation omitted).

According to Ms. Niceta, *Rooker–Feldman* applies here because Plaintiffs' claims are inextricably intertwined with the underlying state court rulings (*see, e.g.,* ECF No. 14 at 11). This argument rests on a flawed reading of the Complaint's allegations. Plaintiffs' claims do not seek to overturn or reverse any state court judgment—their claims clearly arise from Ms. Niceta's alleged misrepresentations and false testimony regarding the children's removal (*see generally* ECF No. 1; ECF No. 20 at 3). Two examples of the many well-pleaded allegations of Ms. Niceta's misrepresentations and false testimony are illustrative. For example, Plaintiffs allege that Ms. Niceta falsely testified Katelyn Berryman bathed her father, and expressed concern regarding who would bathe him, when Ms. Berryman actually stated she was only concerned about who would give the family's *dog* a bath (ECF No. 1 at 12). Ms. Niceta also falsely testified that Katelyn Berryman missed her father's touch and fantasized about him (*id.* at 11).

The Tenth Circuit has made clear that allegations of this nature fall outside *Rooker–Feldman*'s ambit, given that they ultimately seek relief independent from any state court judgment. *See PJ ex rel. Jensen*, 603 F.3d at 1194 ("Although the alleged misrepresentations and failure to investigate are closely connected to the juvenile court proceedings and the [parents'] criminal prosecution, they are sufficiently extricable from any state-court judgment for *Rooker–Feldman* purposes."); *Est. of Angel Place v. Anderson*, No. 19-1269, 2022 WL 1467645, at *4 (10th Cir. May 10, 2022) (finding no *Rooker–Feldman* bar to plaintiffs' claims because they sought relief independent of a state court judgment and did not seek "review and rejection of the state juvenile court's order . . . nor d[id] they assert that the state court wrongfully entered its judgment," and

4

noting that "[w]e routinely address claims alleging social worker liability based on theories inconsistent with state court judgments" (collecting cases)). Accordingly, given the nature of Plaintiffs' allegations and relevant Tenth Circuit law, the *Rooker–Feldman* doctrine does not bar the assertion of Plaintiffs' claims in this federal lawsuit.[3]

### B. Collateral Estoppel

The parties dispute whether the doctrine of collateral estoppel bars Plaintiffs' claims (*compare* ECF No. 14 at 12, *with* ECF No. 20 at 5). The Court agrees with Plaintiffs that it does not.

Collateral estoppel, or issue preclusion, bars re-litigation of an issue determined at a prior proceeding if the following elements are met:

> (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action

*Starkey*, 2006 WL 8073690, at *3 (citation omitted). In this case, Plaintiffs' constitutional due process and § 1983 claims are based on Ms. Niceta's allegedly fraudulent statements and conduct

---

[3] In arguing otherwise, Ms. Niceta relies heavily on *Trujillo v. Bd. of Cnty. Commissioners for Weld Cnty.*, No. 20-cv-02862-CMA-NYW, 2021 WL 4556189, at *8 (D. Colo. July 23, 2021), *report and recommendation adopted as modified sub nom. Trujillo v. Wrenn*, No. 20-cv-02862-CMA-NYW, 2021 WL 4260798 (D. Colo. Sept. 20, 2021) (ECF No. 14 at 11; ECF No. 25 at 4). But unlike *Trujillo*, Plaintiffs' claims do not "turn on a finding that the state court reached the wrong conclusions." *Id.* at *10. Moreover, as discussed above, *PJ ex rel. Jensen*—a precedential Tenth Circuit opinion—determined that cases concerning individuals' misrepresentations in state court proceedings, even if they are "closely connected" to the proceedings, are "extricable" from any state court judgment for *Rooker–Feldman* purposes. *PJ ex rel. Jensen*, 603 F.3d at 1194. *See also Starkey v. Boulder Cnty. Soc. Servs.*, No. 06-cv-00659-LTB-PAC, 2006 WL 8073690, at *2 (D. Colo. Nov. 21, 2006), *aff'd sub nom. Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244 (10th Cir. 2009) (distinguishing claims where "conduct being challenged [was] the alleged unconstitutional actions" of defendants "during the pendency of [the] state court action" from "propriety" of state court judgments and concluding that *Rooker–Feldman* did not bar plaintiffs' claims).

(*see generally* ECF No. 1). The factual allegations giving rise to Plaintiffs' constitutional claims in this federal civil case are not identical to those presented in the underlying state court removal proceedings (ECF No. 20 at 6). Contrary to Ms. Niceta's argument, this case is about more than whether "exigent circumstances" justified removal: it is about her alleged fraud, misrepresentations, and false testimony, the constitutionality of which was not decided in the underlying state court proceedings (ECF No. 14 at 12; ECF No. 25 at 5). Accordingly, the first collateral estoppel element has not been met, and for this reason Plaintiffs' claims are not barred. *Cf. A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy*, 93 P.3d 598, 601 (Colo. App. 2004) (noting that a party to civil action may invoke issue preclusion to "preclude a criminal defendant from relitigating issues *decided* in the criminal prosecution" (emphasis added)); *Rushing v. Kolotov*, No. 04 CV 2517 WYD PAC, 2006 WL 650125, at *5 (D. Colo. Mar. 14, 2006) (finding "identicality element" of collateral estoppel was met where a claim was "sufficiently identical to the *elements*" of a charged offense in other proceeding (emphasis added)).

### C. Substantive Due Process

Ms. Niceta next contends that Plaintiffs have failed to allege a substantive due process claim for violation of familial association (ECF No. 14 at 13). Plaintiffs argue that they have satisfied the elements of their substantive due process claim, which is based on Ms. Niceta's allegedly fraudulent conduct (ECF No. 20 at 10). The Court agrees with Plaintiffs.

To set forth a substantive due process claim for violation of familial association, a plaintiff must plead the following: (1) that a state official "intended to deprive the plaintiff of a protected relationship with a family member," and (2) that the official's "intrusion into the relationship was not warranted by state interests in the health and safety of the family member." *Halley v. Huckaby*,

6

902 F.3d 1136, 1154–55 (10th Cir. 2018) (citation omitted). Pleading these elements satisfies the Tenth Circuit's "shocks-the-conscience" standard for this substantive due process claim. *Id.*; *see also Ochoa v. Williams*, No. 1:20-cv-01301-SKC, 2021 WL 2400127, at *6 (D. Colo. June 11, 2021).

Plaintiffs have satisfied these pleading requirements. First, Plaintiffs have alleged that Ms. Niceta intended to deprive Plaintiffs of a protected relationship with a family member—specifically, the removal of Katelyn Berryman and M.B. Plaintiffs allege that Ms. Niceta made numerous false statements in the course of seeking the children's removal in state court: for instance, that there was "grave concern" that M.B. would be sexually assaulted by Mr. Berryman, that Katelyn Berryman could not express her desire for M.B.'s safety until she herself felt safe from her father, and that Plaintiffs Berryman and Yi were not cooperating with law enforcement, as well as that these false statements were made intentionally (*see, e.g.,* ECF No. 1 at 7–9, 11). These allegations demonstrate that Ms. Niceta directed her conduct at the Plaintiffs' familial relationship and knew that her conduct would adversely affect it, and are sufficient to satisfy the first element of Plaintiff's substantive due process claim. *Doe v. Woodard*, 912 F.3d 1278, 1301 (10th Cir. 2019); *see also J.B. v. Washington Cnty.*, 127 F.3d 919, 927 (10th Cir. 1997); *Thomas v. Kaven*, 765 F.3d 1183, 1196 (10th Cir. 2014).

Second, Plaintiffs have alleged that the intrusion was unwarranted by any state interest in the children's health and safety. *Halley*, 902 F.3d at 1154. The alleged deficiencies in Ms. Niecta's investigations were severe—including the failure to conduct a forensic interview—given especially that Katelyn Berryman recanted her allegations against Plaintiff Paul Berryman (*see, e.g.,* ECF No. 1 at 3, 12, 16). Accordingly—considering the severity of the infringement on the

Plaintiffs' familial relationship, whether Ms. Niceta's conduct was necessary, and the possible alternatives—Plaintiffs have satisfied the second element of their claim. *Doe*, 912 F.3d at 1301. Simply put, accepting the Complaint's allegations as true, because of Ms. Niceta's fraudulent statements, the infringement on Plaintiffs' familiar relationship was profound—resulting in the removal of their children—and the need for Ms. Niceta to repeatedly make factual misrepresentations was practically nonexistent. *Id.*; *see also Mayfield*, 826 F.3d at 1255.[4]

### D. Procedural Due Process

The parties dispute whether Plaintiffs have pleaded a plausible procedural due process claim (*compare* ECF No. 14 at 15, *with* ECF No. 20 at 8). According to Plaintiffs, Ms. Niceta's "evidentiary falsification[s]" rendered the underlying proceedings fundamentally unfair in violation of procedural due process (ECF No. 20 at 8). The Court agrees. To be sure, as Ms. Niceta notes, the core of a procedural due process claim is notice and a "meaningful opportunity to be heard" (ECF No. 14 at 16). *See also Everhart v. New Mexico Child. Youth & Fam. Servs.*, No. 20-2078, 2022 WL 110835, at *9 (10th Cir. Jan. 12, 2022). However, the Tenth Circuit has noted that, in the procedural due process context, circumstances may arise where "false testimony may infect a judicial proceeding to the point that the proceeding itself becomes constitutionally deficient." *PJ ex rel. Jensen*, 603 F.3d at 1200 (citation omitted). As discussed above, Ms. Niceta made several allegedly false—and significant—statements in the underlying proceedings, including, for

---

[4] Ms. Niceta's argument that Plaintiffs have failed to set forth a plausible substantive due process claim rests on the premise that the Complaint does not allege "*how* [she] purportedly lied to the state court" (ECF No. 14 at 14; *see also* ECF No. 25 at 9). At best, this argument invites the Court to draw inferences against the Complaint, which the Court cannot and will not do, and at worst simply ignores Plaintiffs' numerous and well-pleaded allegations. *Cf. Mayfield*, 826 F.3d at 1255. And Ms. Niceta's citation to *Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 549 (E.D.N.Y. 2013), *aff'd*, 560 F. App'x 6 (2d Cir. 2014), fails to persuade that dismissal is warranted, especially where Plaintiffs' substantive due process claim concerns Ms. Niceta's allegedly fraudulent behavior throughout the underlying investigative and court proceedings (ECF No. 1 at 23).

instance, that Katelyn Berryman fantasied about Plaintiff Paul Berryman and that M.B. stated that Paul Berryman slept with her (ECF No. 1 at 11–12). Accepting the Complaint's allegations as true, Ms. Niceta's statements were so egregiously false that they infected the underlying state court proceedings and gave rise to a procedural due process violation. *See PJ ex rel. Jensen*, 603 F.3d at 1200. Therefore, Plaintiffs' allegations are sufficient, at this stage, to set forth a procedural due process claim and survive Ms. Niceta's dismissal motion. *See also id.* at 1199 (noting that while procedural due process "does not prevent the state from depriving an individual of liberty or property," it does "require that a *fair procedure* be provided for the deprivation" (quotations omitted) (emphasis added)).

### E. Testimonial Immunity

Ms. Niceta contends that she is entitled to "absolute testimonial immunity" (ECF No. 14 at 17). She is not. Ms. Niceta attempts to argue that she is immune because she functioned as a "trial witness" in the underlying proceedings, and Plaintiffs' claims are based on her testimony (*id.* at 18; ECF No. 25 at 6). *See also Montoya v. Vigil*, 898 F.3d 1056, 1069 (10th Cir. 2018). But, as Plaintiffs allege, Ms. Niceta did more than simply testify. She also allegedly falsified information in various documents (ECF No. 20 at 10). Furthermore, Ms. Niceta was testifying more as an investigative officer providing false testimony than as an advocate (ECF No. 20 at 11). Based on these allegations regarding Ms. Niceta's duties, her conduct, and content of her false statements, the Complaint has alleged factual content demonstrating that she is not, at this stage, entitled to testimonial immunity. *See Thomas*, 765 F.3d at 1191 (noting that courts take a "functional approach" in determining whether absolute immunity applies for governmental action); *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1116 (9th Cir. 2017) ("[The] complaint targets conduct well

9

outside of the social workers' legitimate role as quasi-prosecutorial advocates in presenting the case . . . . social workers may well have absolute immunity when discharging functions that are critical to the judicial process itself . . . [b]ut they are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements . . . because such actions aren't similar to discretionary decisions about whether to prosecute." (quotations omitted)).

### F. Qualified Immunity

Ms. Niceta contends that she is entitled to qualified immunity on all of Plaintiffs' claims (ECF No. 14 at 18). In doing so, she recites the qualified immunity legal standard,[5] states that the Tenth Circuit has recognized the difficulties of protecting minor children, briefly describes her role in the underlying proceedings, then—in a single sentence, without citation to any legal authority—states that no clearly established law demonstrates these facts give rise to personal liability (*id.* at 18–19). To be sure, Plaintiffs' bear the burden of overcoming Ms. Niceta's qualified immunity assertion. *See, e.g., Cummings*, 913 F.3d at 1239. But that burden only arises "after the defense has first been adequately presented." *Estate of Richard Ward v. Pueblo County, Colorado, et. al,* No. 1:23-cv-00473-CNS-MDB, 2023 WL 4744928, at *9 (D. Colo. July 25, 2023) (quotation omitted). As in *Ward*, Ms. Niceta "invoke[s], without elucidation, qualified immunity's shield from civil liability. But [her] brief, incantatory remarks do not lend themselves to meaningful analysis, and for this reason the Court's analysis is equally brief: [her] mention of qualified immunity, without more, does not demonstrate [her] entitlement to it." *Id.* Accordingly,

---

[5] When a defendant asserts qualified immunity, the plaintiff must show that the defendant (1) violated a statutory or constitutional right and (2) the right was "clearly established" at the time of the defendant's challenged conduct. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quotation omitted).

the Court denies Ms. Niceta's dismissal motion on qualified immunity grounds. *See also Starkey*, 2006 WL 8073690, at *3 ([I]t is not this Court's duty to flesh out [d]efendants' arguments.").

### G. Judicial Estoppel

Ms. Niceta argues that Plaintiffs' claims are barred by judicial estoppel (ECF No. 14 at 19). Plaintiffs contend that judicial estoppel does not bar their claims (ECF No. 20 at 7). In determining whether a party's claims are judicially estopped, courts consider the following: whether a party's later position is "clearly inconsistent" with its former position; whether the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and whether the party seeking to assert an inconsistent position would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *BancInsure, Inc. v. F.D.I.C.*, 796 F.3d 1226, 1240 (10th Cir. 2015) (quotations omitted).

The gravamen of Ms. Niceta's judicial estoppel argument is that both Katelyn Berryman and M.B. were represented by guardians ad litem in the underlying proceedings, and that the guardians' positions were "contrary" to the positions of Katelyn Berryman and M.B. in this suit (ECF No. 14 at 19). The Court disagrees. Plaintiffs' "position" in this case is that Ms. Niceta made false statements and falsified evidence in the underlying state court proceedings (ECF No. 20 at 7). For this reason, the first judicial estoppel element is not met: Plaintiff's "current position" is not "clearly inconsistent" with any earlier position in the underlying proceedings. *United States v. Villagrana-Flores*, 467 F.3d 1269, 1279 (10th Cir. 2006). At bottom, this is not a case where Plaintiffs are now adopting an inconsistent *factual* position compared to any in the underlying

proceedings. *See BancInsure*, 796 F.3d at 1240. Accordingly, judicial estoppel does not bar the assertion of Plaintiffs' claims in this suit.

## IV. CONCLUSION

Consistent with the above analysis, Defendant Robin Niceta's Motion to Dismiss (ECF No. 14) is DENIED. Ms. Niceta's Motion to Stay Discovery Pursuant to Federal Rule of Civil Procedure 26(c) (ECF No. 31) is DENIED AS MOOT.[6]

DATED this 28th day of July 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[6] On May 25, 2023, Ms. Niceta filed a Notice of Related Cases (ECF No. 28). Given that dismissal of Plaintiffs' claims is inappropriate—and that there are no jurisdictional bars to the assertion of Plaintiffs' claims in federal court—the Court encourages the parties to confer and determine whether, in light of Ms. Niceta's Notice, consolidation of this action with any other pending actions in this District is appropriate. If so, the parties are directed to file a motion to consolidate.